# In re William A. Shoemaker, Attorney at Law.   Shoemaker's Appeal.

*Superior Court—Supreme Court—Appeals—Practice—Suspension of attorney at law.*

Under the act of June 24, 1895, sec. 7, P. L. 212, relating to appeals from the court of oyer and terminer, an appeal from an order of the court of oyer and terminer suspending an attorney at law lies to the Superior Court and not to the Supreme Court.

Argued April 2, 1896.   Appeal, No. 207, Jan. T., 1896, by William A. Shoemaker, from order of O. & T. Phila. Co., suspending appellant from practice as an attorney at law.

Case remitted to Superior Court.
Motion to advance cause.

*John A. Emerick, Jr., Thomas R. Elcock* and *F. Carroll Brewster,* for appellant.

*R. P. White* and *S. Dickson,* for appellee.

Per Curiam, April 13, 1896 :

In considering the motion to advance this cause, etc., our attention has been called to the fact that the proceedings, from which the appeal was taken, were had in the court of oyer and terminer, etc.

The act of June 24, 1895, P. L. 212, relating to the Superior Court, etc., in the seventh section thereof declares:

"Section 7. The said court shall have no original jurisdiction except that it may issue writs of habeas corpus, but it shall have exclusive and final appellate jurisdiction of all appeals which are now allowed to the Supreme Court in the following classes of cases :" the second of which is class *b*, relating to cases in the court of oyer and terminer and providing thus, "(*b*) All proceedings of any kind in the court of oyer and terminer and general jail delivery, except cases of felonious homicide, which shall be appealed directly to the Supreme Court."

It thus appears that, with the single exception of felonious homicides, all proceedings and cases appealable from courts of

oyer and terminer and general jail delivery go directly to the Superior Court. The language employed is clear and emphatic; and there appears to be nothing in the Superior Court act that in any manner qualifies the sentence above quoted.

It follows that the appeal in this case was erroneously taken to this court, and, instead of advancing the cause for hearing before us, it becomes our duty, under section 9 of said act, to remit the case to the Superior Court.

The motion to advance is therefore denied; and it is ordered that the case be remitted, "at the costs of the appellant, to the Superior Court for hearing and decision."